# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **XUAN HIEP LE** | **CIVIL CASE NO. 25-1534** |
| **VERSUS** | **JUDGE EDWARDS** |
| **JONATHAN CRAWFORD, ET AL** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM RULING AND ORDER

Pending before the Court is a Motion for Temporary Restraining Order filed by Xuan Hiep Le ("Petitioner"). (R. Doc. 2). Having carefully considered Petitioner's submissions and the applicable law, Petitioner's Motion for Temporary Restraining Order is **DENIED**.

On October 14, 2025, Petitioner filed his Petition for Writ of Habeas Corpus against Jonathan Crawford, Todd Lyons, Kristi Noem, Pamela Bondi, and S. Rite ("Respondents"). (R. Doc. 1). That same day, Petitioner filed a motion seeking a temporary restraining order against Respondents to restrain them from transferring him "outside the jurisdiction of this Court pending consideration of his Petition for Habeas Corpus unless Respondents can promptly deport [Petitioner] to Vietnam or release [Petitioner] on condition release."[1] In his motion, Petitioner generally asserts that ICE has been transferring detainees out of courts' jurisdiction to keep them from obtaining a full judicial review.[2]

---

[1] R. Doc. 2 at 2.
[2] R. Doc. 2, ¶ 5.

An applicant for a temporary restraining order must demonstrate each of the following:

(1) A substantial likelihood of success on the merits;
(2) A substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied;
(3) The threatened injury must outweigh any damage that the temporary restraining order will cause the non-movant; and
(4) The temporary restraining order will not disserve the public interest.[3]

The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four requirements.[4] The movant must demonstrate that the harm is both imminent and irreparable.[5] Additionally, the movant must prove that they have no other adequate legal remedy.[6] "Although courts generally hold a hearing on a request for injunctive relief, the Fifth Circuit has noted that preliminary injunctions may be denied without a hearing, despite a request for a hearing by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be pointless."[7]

Here, Petitioner's motion fails to address any of the elements required for the Court to grant a temporary restraining order, much less establish that they weigh in favor of issuing such. There are no facts included in the motion to demonstrate that Petitioner will suffer an irreparable injury without a temporary restraining order. Petitioner's complaints in the motion are not specific and do not detail how the

---

[3] *Ocean Sky Int'l, LLC v. LIMU Co.*, 18-CV-0528, 2019 WL 4724803, at *5 (W.D. La. 9/26/19).
[4] *Id.*
[5] *Id.* at *6 (citing *Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975)).
[6] *Id.*
[7] *Id.* (citing *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir. 1984)).

Petitioner will be harmed absent a temporary restraining order. Moreover, Petitioner omits any discussion of the remaining requirements, namely, his likelihood of success on the merits, whether the threatened injury outweighs any harm that will result if the injunction is granted, and whether an injunction will serve the public interest.

The evidence presented, or rather, lack thereof clearly demonstrates that Petitioner has no right to the relief sought. Therefore, the Court decides that Petitioner has failed to carry his burden of persuasion as to any of the requirements for granting a temporary restraining order. Accordingly, Petitioner's Motion for a Temporary Restraining Order is **DENIED**.

**THUS DONE AND SIGNED** this 23rd day of October, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**